IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tajuan Lanika Frazier, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:15-1819-RMG |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on February 26, 2016, recommending that the Commissioner's decision be affirmed. (Dkt. No. 17). Plaintiff timely filed objections to the R & R, arguing that the Commissioner failed to make an adequate evaluation of Plaintiff's claim under Listing 1.02, failed to accord appropriate weight to the opinions of her treating physician, Dr. Holford, and made an insufficient credibility finding. (Dkt. No. 20). After a careful review of the record in this matter, the decision of the administrative law judge ("ALJ"), controlling legal standards and the R & R, the Court adopts the R & R as the order of the Court and affirms the decision of the Commissioner.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

Although the parties dispute whether Plaintiff satisfies the requirements for disability under the Social Security Act, there is little disagreement that Plaintiff suffers from substantial impairments that limit her ability to function in the workplace. The Commissioner recognizes that Plaintiff suffers from bilateral degenerate joint disease in her knees and finds that these impairments limit her to only sedentary work. Tr. 30. Plaintiff argues that she meets the requirements for Listing 1.02, relating to major dysfunction of the joints, and further contends that the Commissioner erred in not according appropriate weight to the opinion of her treating orthopaedist, Dr. Douglas Holford, indicating that she met the requirements of Listing 1.02. These very issues were part of Plaintiff's argument before the Magistrate Judge, who ably and thoroughly addressed each of these issues. The Court, therefore, finds it unnecessary to rehash essentially the same arguments in addressing the Plaintiff's objections.

As the Magistrate Judge correctly observed, Dr. Holford's medical opinions are entitled to serious consideration under Treating Physician Rule, but his legal opinions regarding whether Plaintiff meets the legal requirements for disability is an issue reserved for the Commissioner. 20 C.F.R. § 404.1527(c), (d). Dr. Holford did state that he thought Plaintiff "will qualify for disability under 2 major weight bearing joints, prolonged standing, et cetera." Tr. 299. Listing 1.02 requires a finding that the claimant's major joint dysfunction must result "in an inability to ambulate effectively . . . ." 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 102(A), 100(B)(2)(b)(1), (2). The Commissioner carefully weighed the conflicting evidence in the record regarding the extent of Plaintiff's ability to ambulate effectively and concluded she did not meet the requirement for the Listing. Tr. 31-2. The Magistrate Judge carefully reviewed that evidence and correctly

concluded that the Commissioner's findings are supported by substantial evidence. (Dkt. No. 17 at 20-22).

The Court also agrees with the Magistrate Judge that considerable weight was given to the opinions of Dr. Holford, a treating specialist physician. The Commissioner recognized the significant limitations imposed on Plaintiff by her bilateral knee dysfunction documented by Dr. Holford. The Commissioner found that despite these limitations, Plaintiff retained the ability to function at the sedentary level. Tr. 35-6. Plaintiff argues that she lacks the capacity to ambulate and sit for periods necessary to function at the sedentary level. Again, the Commissioner evaluated and weighed the record evidence on this issue, and the Court agrees with the finding of the Magistrate Judge that there is substantial evidence in the record to support the Commissioner's findings and conclusions. (Dkt No. 17 at 26-28).

Plaintiff finally argues that the Commissioner failed to make an adequate credibility finding. Again, the Magistrate Judge ably and thoroughly addressed the record evidence on this issue and concluded there is substantial evidence in the record to support the credibility finding of the Commissioner. Tr. 28-36. The Court agrees with the Magistrate Judge's recommendation on the credibility issue.

## Conclusion

Based upon the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge, (Dkt.

No. 17), as the order of the Court and **AFFIRMS** the decision of the Commissioner.[1]

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
March 22, 2016

---

[1] Plaintiff was born on August 29, 1968, and will be 50 years of age as of August 29, 2018. In light of the finding of the Commissioner that Plaintiff is limited to sedentary work, it is likely that she will be deemed disabled under the Social Security Act as of her 50th birthday, assuming her condition does not improve. SSR 96-9P, 1996 WL 374185 (1996). Of course, if her physical impairments worsen and render her unable to perform even sedentary work, she may qualify for disability benefits even earlier.